IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOMINICK GARZA, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| PACKAGING CORPORATION OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the Plaintiff, by and through his attorneys, and for his causes of action against the Defendant hereby states the following:

## PARTIES-VENUE-JURISDICTION

1.      Plaintiff Dominick Garza is a resident of Omaha, Douglas County, Nebraska.

2.      Defendant Packaging Corporation of America is an Illinois corporation that is authorized to conduct business in Nebraska, and at all times relevant was doing business in Omaha, Douglas County, Nebraska.

3.      This Court has original jurisdiction over the claims arising under Federal law. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331.

4.      Venue is appropriate in this District under 28 U.S.C. §§1391(b) and (c).

## FACTUAL BACKGROUND

5.      Plaintiff was employed as a Die-Cut Operator by Defendant from August 29, 2016 until he was wrongfully terminated on September 18, 2017.

6.      In early August 2017, Plaintiff requested family medical leave for a serious health condition under the Family Medical Leave Act. Plaintiff's request was denied because Plaintiff

had not been employed for 12 months at the first time he requested to take his leave.

7.      On or about September 5, 2017, Plaintiff requested family medical leave for a serious health condition under the Family Medical Leave Act. Plaintiff's request was approved by Defendant.

8.      Before taking his leave of absence, Plaintiff also discussed his need for leave and approval for leave with Steve Smith, third shift supervisor, and Alonso L/N/U, who was being trained to become third shift supervisor.

9.      Plaintiff was absent from work from September 9, 2017 to September 17, 2017.

10.     On September 18, 2017, Plaintiff's employment was terminated for accruing too many points under Defendant's attendance tracking system.  Plaintiff was wrongfully assessed points and terminated for being absent during his approved family medical leave.

11.     Prior to termination, Plaintiff's job performance was satisfactory.

12.     At the time of his termination, Plaintiff was earning approximately $21.50 per hour plus time and a half for overtime pay working 48 hours per week for Defendant. As of the date of this filing, Plaintiff's lost wages resulting from Defendant's wrongful conduct are approximately $43,602.00, and are continuing. As part of his compensation, Plaintiff also received health, dental, and vision insurance, 401K retirement contributions, pension, life insurance, short-term disability insurance and long-term disability insurance in amount that is currently unknown to Plaintiff and will be subject to further discovery.

13.     As a result of Defendant's wrongful conduct, Plaintiff suffered lost wages, liquidated damages and attorney's fees and other costs that are continuing.

## COUNT I

### VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

**29 U.S.C. 2601 et seq.**

14.     Plaintiff hereby incorporates paragraphs 1 through 13 as if fully set forth herein and states:

15.     Defendant is and was at all times material an "employer" within the meaning of the Family Medical Leave Act.

16.     Plaintiff is and was at all times material an "eligible employee" within the meaning of the Family Medical Leave Act.

17.     During all times of his employment, Plaintiff suffered from one or more "serious health conditions" within the meaning of the Family Medical Leave Act.

18.     Plaintiff was absent from work for his serious health condition.

19.     Plaintiff gave Defendant timely notice of his need to be absent from work.

20.     Plaintiff gave Defendant sufficient information so that the defendant knew or should have known the absence was for a serious health condition.

21.     Defendant discharged Plaintiff.

22.     Plaintiff's absence from work was a motivating factor in Defendant's decision to discharge Plaintiff.

23.     Defendant interfered with Plaintiff's right to take leave under the Family Medical Leave Act.

24.     Defendant retaliated against Plaintiff and terminated Plaintiff for exercising his rights under the Family Medical Leave Act.

25.     As a result of Defendant's acts and omissions, Plaintiff has in the past, and will in the future, suffer damages including, but not limited to, lost wages, benefits, future earnings, liquidated damages and other emoluments of employment.

3

## DAMAGES

26.     Plaintiff hereby incorporates by reference paragraphs 1 through 25  and states:

27.     As a result of Defendant's interference and retaliation, Plaintiff has suffered damages and seeks the following relief:

        a.     Lost wages and lost benefits to the time of trial;

        b.     Reinstatement or front pay including retirement and other benefits;

        c.     Liquidated damages for FMLA violation as prescribed by 29 U.S.C §2617;

        d.     Attorney's fees, expert witness fees and other reasonable costs; and,

        e.     Pre-judgment and post judgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for all his general, special and punitive damages, for costs, attorney's fees, interest and for such other relief as just and equitable.

Plaintiff demands a trial by jury in Omaha, Nebraska.

Dated: December 5, 2018.


                                DOMINICK GARZA, Plaintiff


                      BY:     /s/ Jennifer Turco Meyer_____
                                Jennifer Turco Meyer, #23760
                                Of Dyer Law, P.C., LLO
                                10730 Pacific Street, #111
                                Omaha, Nebraska 68114
                                (402) 393-7529
                                (402) 391-2289 facsimile
                                Jennifer@dyerlaw.com
                                Attorney for Plaintiff